ANGELA ALIOTO, (SBN 130328)
angela@aliotolawoffice.com
Law Offices of Mayor Joseph L. Alioto
And Angela Alioto
700 Montgomery Street
San Francisco, CA 94111
Telephone: 415- 434-8700
Facsimile: 415-438-4638

JOHN SCARPINO, (SBN 151377)
jhscarpino@comcast.net
Law Office of John Scarpino
700 Montgomery Street
San Francisco, CA 94111
Telephone: 415-516-6147
Facsimile: 415-438-4638

Attorneys for Plaintiffs
Gloria Young and Margaret Cephas-Gross

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Gloria Young; Margaret Cephas-Gross,<br><br>Plaintiffs,<br><br>vs.<br><br>Holland America Line, N.V., a foreign corporation; Carnival Corporation, dba Carnival Cruise Lines, a foreign corporation; CWC Travel, Inc., dba Costco Travel, a Washington corporation; and DOES 1-10,<br><br>Defendants. | **COMPLAINT FOR DAMAGES FOR:**<br><br>1. Maritime Negligence Causing Physical Injuries;<br>2. Res Ipsa Loquitur Negligence Causing Physical Injuries;<br>3. Maritime Negligence Causing Physical Illness;<br>4. Breach of Contract;<br>5. Violation of the Virginia Consumer Protection Act, Civil Code §§ 59.1-196; and<br>6. Violation of the California Consumer Legal Remedies Act, Civil Code § 1770.<br><br>**DEMAND FOR TRIAL BY JURY** |

## INTRODUCTION

1. This complaint seeks to recover damages for physical injuries suffered by Plaintiff Gloria Young and Plaintiff Margaret Cephas-Gross, (collectively referred to as "Plaintiffs"), caused by the negligence of Defendant Holland America Line, N.V. ("HAL"), and Carnival

Corporation, ("Carnival"), their employees, agents, and others under their direct control and supervision, which occurred while Plaintiffs were passengers onboard the MS Eurodam, a passenger cruise vessel owned and operated by Defendants HAL and Carnival. This complaint also seeks to recover damages for breach of contract and other state law claims, including claims for violations of the Virginia Consumer Protection Act, Virginia Civil Code § 59.1-196, et seq., and the California Consumer Legal Remedies Act, Cal. Civil Code § 1770, et seq., against Defendants HAL, Carnival and CWC Travel, Inc., dba Costco Travel, ("Costco Travel").

**JURISDICTION AND VENUE**

2. This Court has subject jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000 and because both Plaintiffs are citizens of different states than the Defendants, as more fully set forth in paragraphs 5 through 9, below, thereby creating complete diversity of citizenship. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the action is between citizens of a State and Defendants which are foreign corporations, as more fully set forth in paragraphs 5 through 9, below. Finally, this matter comes within the Court's Admiralty jurisdiction, pursuant to 28 U.S.C. § 1333.

3. This Court also has supplemental jurisdiction over the state law claims asserted in this Complaint pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' state law claims related to those claims over which this Court has original subjected matter jurisdiction and form part of the same case or controversy.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(3), because Defendants are subject to the personal jurisdiction of this Court, and because the provisions of 28 U.S.C. § 1391(b)(1) and (2) do not apply, as more fully set forth in paragraphs 7 through 9, below.

**PARTIES**

5. Plaintiff Gloria Young is an adult resident of San Francisco, California. Plaintiff Young entered into a contract with Defendants HAL, Carnival and Costco Travel for a 14-day

luxury cruise. At all relevant times, Plaintiff Young was a passenger on the MS Eurodam, a seagoing vessel owed and operated by Defendants HAL and Carnival, and was therefore owed a duty of care by Defendants HAL and Carnival.

6. Plaintiff Margaret Cephas-Gross is an adult resident of Glen Allen, Virginia. Plaintiff Cephas-Gross entered into a contract with Defendants HAL, Carnival and Costco Travel for a 14-day luxury cruise. At all relevant times, Plaintiff Cephas-Gross was a passenger on MS Eurodam, a seagoing vessel owned and operated by Defendants HAL and Carnival, and was therefore owed a duty of care by Defendants HAL and Carnival.

7. Defendant HAL is a foreign corporation organized under the laws of the Netherlands. HAL is authorized to conduct business in the United States and in the State of California. HAL's corporate headquarters is located in Seattle, Washington. HAL maintains an agent for service within the State of California and is subject to the personal jurisdiction of the this Court. HAL is a wholly owned subsidiary of Defendant Carnival.

8. Defendant Carnival is a foreign corporation organized under the laws of Panama. Carnival is authorized to conduct business in the United States, in the State of California, and within this judicial district. Carnival's corporate headquarters is located in Miami, Florida. Carnival maintains an agent for service within the State of California and is subject to the personal jurisdiction of this Court.

9. Defendant Costco Travel is a corporation organized under the laws of the State of Washington. Defendant Costco Travel is authorized to conduct business in the State of California and does in fact conduct business within the State of California and within this judicial district. Defendant Costco Travel is registered in the State of California as a Seller of Travel, registration number CST 2054248-50. Costco Travel maintains an agent for service within the State of California and is subject to the personal jurisdiction of this Court.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, and therefore sue these Defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when these facts are ascertained. Plaintiffs allege that each of these fictitiously named Defendants is responsible in some manner for Plaintiffs' injuries.

11. Plaintiffs allege that Defendants HAL, Carnival, Costco Travel, and DOES 1 through 10, are each jointly and severely liable as the principal, agent, master, servant, employer, employee or partner of the other defendants, and in performing the acts complained of herein were acting within the scope of such agency, employment, or partnership.

## FACTUAL ALLEGATIONS

12. Plaintiff Young and Plaintiff Cephas-Gross are lifelong friends. Both Plaintiffs are experienced and active travelers, and both Plaintiffs have been on ocean-going cruises. On past cruises, each Plaintiff had taken advantage of the array of amenities and activities available on a cruise, enjoying both on-board activities and shore excursions. On previous cruises, each Plaintiff had gone on guided tours of historical sites, visited museums, played on the beach, explored the ports of call, went shopping and enjoyed trying the local cuisine.

13. In September, 2015, Plaintiff Young and Plaintiff Cephas-Gross decided to take a cruise together. This was the first cruise Plaintiffs had taken together. They decided to book a luxury cruise in celebration of two momentous achievements in their lives. Plaintiff Young was celebrating the third anniversary of remaining cancer free after having successfully undergone treatment for Leiomyosarcoma, a rare but deadly cancer. Remaining cancer free for three years is an important benchmark for survivors of Leiomyosarcoma. Plaintiff Cephas-Gross was also celebrating the successful completion of the Enrolled Agent examination.

14. On or about September 11, 2015, Plaintiff Young and Plaintiff Cephas-Gross booked a 14-day Caribbean cruise through Defendant Costco Travel. Plaintiffs chose to book their cruise through Defendant Costco Travel to ensure they were booked with a reputable cruise line that would provide safe passage on a high-quality vessel. Both Plaintiff Young and Plaintiff Cephas-Gross have been members of Costco for over 25 years each.

15. Defendant Costco Travel made numerous representations regarding the quality travel offers available to their customers. Costco Travel sells exclusively to Costco Members. It represented to Plaintiffs that through its affiliation with Costco, it is able to use Costco's buying authority to negotiate the best value in the market for quality travel options, which it offers to

Costco members. Defendant Costco Travel also represented that it is staffed with trained travel professionals who provide expert advice on planning and booking vacations, and that its travel expertise combined with its Costco affiliation ensures that Costco members receive receive the same quality and value in its travel offers as members receive with other goods and services purchased at a Costco warehouse.

16. Defendant Costco Travel made specific representations, including but not limited to representations contained on its web site, stating: "Just like items in a Costco warehouse, our travel offers are carefully selected by our skilled travel buyers. We offer a selection of the worlds's top destinations, hotels, cruises and other travel products, so you can be assured of a quality vacation;" "We are Costco and we know travel;" and "The value you want with the quality you expect."

17. Defendant Costco Travel's agents made additional oral representations directly to Plaintiff Young and Plaintiff Cephas-Gross, including but not limited to representations that Defendant Costco Travel only books cruises on specific cruise lines selected by Costco Travel to ensure the high quality and safety of the cruises offered to its customers, and that Costco Travel will only contract with cruise lines that meet Costco's criteria for excellence. Costco Travel further represented that it warranted the quality of the services it provided through Costco.

18. In reliance of the representations made by Defendant Costco Travel, including but not limited to the representations set forth in the preceding paragraphs of this Complaint, Plaintiff Young and Plaintiff Cephas-Gross chose to book their cruise through Defendant Costco Travel.

19. Limiting their selection to those cruise lines offered by Defendant Costco Travel, Plaintiff Young and Plaintiff Cephas-Gross chose to purchase a cruise vacation from Defendant HAL. Plaintiff's chose to book a cruise with Defendant HAL based on representations made by Defendant HAL regarding the safety, cleanliness, and conditions of the vessels owned and operated by Defendant HAL. Defendant HAL promised consumers the "vacation of lifetime." It further represented that passengers on its cruise ships would stay in "elegant staterooms" and that it would provide safe and clean accommodations to passengers on its vessels.

20. On or about September 11, 2015, Plaintiff Young and Plaintiff Cephas-Gross purchased from Defendant Costco Travel a 14-day Eastern and Western Caribbean cruise on Defendant HAL's and Defendant Carnival's vessel the MS Eurodam, with a guaranteed assignment to a Deluxe Verandah Oceanview Stateroom, with an unobstructed ocean view. The cruise departed from Fort Lauderdale, Florida on November 8, 2015, and concluded at Fort Lauderdale, Florida on November 22, 2015. The cruise included nine ports of call, including stops at Key West, Florida; George Town, Cayman; Falmouth, Jamaica; Grand Turk; San Juan, Puerto Rico; and Philipsburg, St. Maarten.

21. On or about September 12, 2015, Plaintiff Young and Plaintiff Cephas-Gross paid Defendant Costco Travel the full purchase price for the cruise of $3,259.00. After purchasing the cruise from Defendant Costco Travel, Plaintiff Young and Plaintiff Cephas-Gross received Defendant HAL's booking confirmation.

22. In order to confirm their booking on Defendant HAL's cruise, Plaintiff Young and Plaintiff Cephas-Gross were required to "Accept" the terms and conditions stated in Defendant HAL's cruise contract. Defendant HAL's booking confirmation contained a link to the Holland America Line Cruise Contract.

23. In addition to the purchase price of the cruise, Plaintiff Young and Plaintiff Cephas-Gross incurred additional travel expenses including, but limited to round-trip airfare to Fort Lauderdale, Florida amounting to approximately $1,134.18; lodging costs of approximately $153.00; and $213.81 in travel insurance. Plaintiffs incurred theses costs, and other similar costs, in reliance on the representations made by Defendant Costco Travel, Defendant HAL, and Defendant Carnival, regarding the cruise vacation Plaintiffs had purchased through Costco Travel, as more fully set forth in the preceding paragraphs of this Complaint.

24. Before embarking on the cruise, Plaintiff Young and Plaintiff Cephas-Gross both underwent medical check-ups by their physicians. Plaintiff Young had a full medical check-up on or about October 21, 2015. Plaintiff Cephas-Gross had a full medical check-up on November 5, 2015. Both Plaintiff were in good health, with no preexisting medical conditions that would limit their ability to fully participate and enjoy a 14-day Caribbean cruise.

25. On November 6, 2015, Plaintiffs received their assigned to Stateroom V5126, a cabin on the fifth deck of the 11-decked vessel. November 8, 2015, Plaintiff Young and Plaintiff Cephas-Gross boarded Defendant HAL's and Defendant Carnival's vessel, the MS Eurodam, at Fort Lauderdale, Florida. Plaintiffs' stateroom featured floor-to-ceiling windows, a private balcony, two lower beds, a sitting area with a sofa bed, and a bathtub and shower. Stateroom V5126 did not have an unobstructed ocean view as Plaintiffs had contracted for. On November 8, 2015, Plaintiffs objected to being assigned to Stateroom V5126 and asked to be reassigned to another stateroom. Plaintiffs were told they could not be reassigned to another cabin.

26. Further, upon entering Stateroom V5126, Plaintiff Young and Plaintiff Cephas-Gross immediately noticed that the cabin was abnormally warm with a strong pungent odor. The odor was strongest in the bathroom. The cabin did not have sufficient ventilation or air conditioning. Plaintiffs were required to open the door of their balcony to try to alleviate the odor and warm stagnant air in their cabin. Plaintiff Young and Plaintiff Cephas-Gross also found that the water in their stateroom had an extremely bad taste to it, so that the water was not palatable to the Plaintiffs.

27. On November 9, 2015, the MS Eurodam docked at Key West, Florida, the first port of call on Plaintiffs' cruise. Plaintiff Young and Plaintiff Cephas-Gross had anticipated seeing the Nature Conservatory and Aquarium and the Ernest Hemingway House. Plaintiffs were unable to engage in these activities because Plaintiff Cephas-Gross had started to experience symptoms of a sore throat, runny nose, and headache. Not feeling up to actively sightseeing, Plaintiff Cephas-Gross was only able to take a bus tour of Key West.

28. Because both Plaintiffs were concerned with the quality of the water on board the MS Eurodam, Plaintiffs felt to compelled to purchase bottled water while in Key West, which they carried back onto the MS Eurodam for their personal consumption.

29. On November 10, 2015, Plaintiff Cephas-Gross' symptoms worsened. Plaintiff Cephas-Gross continued to suffer from a severe sore throat, headache, and cough, accompanied with congestion, sneezing, runny nose, and itchy watery eyes. On November 11, 2015, Plaintiff Cephas-Gross sought medical treatment for her symptoms from the medical department on board

the MS Eurodam. Plaintiff Cephas-Gross spoke to the attendant at the medical desk who gave Plaintiff Cephas-Gross over the counter throat lozenges and Sudafed. Plaintiff Cephas-Gross was not informed that she had the option to see a physician, as required by the ship's protocol.

30. On November 11, 2015, the MS Eurodam docked at George Town, Cayman. Plaintiff Young and Plaintiff Cephas-Gross boarded a tender for transportation to the island. On information and belief, Plaintiff Young and Plaintiff Cephas-Gross allege that the tender was owned and operated by Defendant HAL and Defendant Carnival. At all relevant times, the tender was in the exclusive control of Defendant HAL and Defendant Carnival.

31. While the tender was still tied to the MS Eurodam, an employee of Defendant HAL and Defendant Carnival was sitting in the driver's seat of the tender, approximately three to four feet above where Plaintiff Young and Plaintiff Cephas-Gross were sitting at the very front of the tender. The Defendants' employee, while talking to the tender driver, fell while stepping down from the driver's seat, falling directly on top of Plaintiff Young from a height of three to four feet above, landing with his entire weight on Plaintiff Young's head, shoulders, neck, and back. The employee got up and briefly spoke to the tender driver before exiting the tender. Plaintiff Young was left in severe pain in her head, shoulders, and back.

32. Once in George Town, Plaintiff Young and Plaintiff Cephas-Gross did not go on the Stingray Sandbar cruises or explore the island on foot as they had intended. Instead, because Plaintiff Young was in pain and because Plaintiff Cephas-Gross continued to experience the symptoms set forth in Paragraph 29, above, Plaintiffs boarded a van for a quick tour of the island. Plaintiffs again purchased bottled water for their personal consumption while on board the MS Eurodam.

33. On November 11, 2015, Plaintiff Cephas-Gross observed a black substance appear in the toilet when it was flushed. Each time Plaintiff Cephas-Gross flushed the toilet more of the substance appeared and an even stronger pungent odor filled the bathroom and the entire cabin.

34. Plaintiff Young and Plaintiff Cephas-Gross reported the situation in Stateroom V5126 to their Cabin Steward, informing the steward of the black substance and foul smell

emanating from their toilet. The Cabin Steward came to the Plaintiffs' cabin and observed the black substance and odor. The Cabin Steward cleaned the toilet. No other action was taken to remedy the situation.

35. Plaintiff Young and Plaintiff Cephas-Gross continued to endure the foul odor emanating from the stateroom's bathroom, which filled the entire stateroom. The odor did not abate the entire time Plaintiffs were in Stateroom V5126. Plaintiff Young and Plaintiff Cephas-Gross tried to stay out of their stateroom as much as possible. Both Plaintiffs spent most of their time sitting on the balcony of their cabin.

36. On November 12, 2015, Plaintiff Young was in severe pain in her shoulders and arms. Plaintiff Young also developed a sore throat and symptoms similar to Plaintiff Cephas-Gross, whose symptoms continued unabated. That day, the MS Eurodam docked at Falmouth, Jamaica. Plaintiff Young and Plaintiff Cephas-Gross had intended to go on a tour of the Dolphin Coves and a tour of the Great House. Instead, they hired a driver to take them around the island before returning the ship.

37. Conditions in the Plaintiffs' stateroom deteriorated further. On the evening of November 12, 2015, while Plaintiff Cephas-Gross was in the shower, a black substance began bubbling up through the bathroom drain. The black substance covered a large portion of the stateroom's bathroom floor. Plaintiff Cephas-Gross had to step through the black substance to exit the shower, leaving Plaintiff Cephas-Gross greatly shocked and upset.

38. Plaintiff Young and Plaintiff Cephas-Gross reported the incident to the ships' crew. In response, a plumber was sent to the Plaintiffs' stateroom. The plumber inspected and removed the drain cover and pipe fixture. Plaintiffs were informed that the entire drain opening was submerged in black mold. The plumber was not surprised by the situation. Plaintiffs were informed that black mold had built up in the drainage system and accumulated over time. The plumber removed the black mold from the floor. No other actions were taken to remedy the situation. A foul pungent odor even greater than before remained in the Plaintiffs' stateroom.

39. Plaintiff Young and Plaintiff Cephas-Gross learned that other passengers on the MS Eurodam had similar problems with black mold in their staterooms. Plaintiffs also learned that other passengers had been moved into different staterooms to escape the problem.

40. On November 15, 2015, the MS Eurodam docked again at Fort Lauderdale, Florida. Plaintiff Young and Plaintiff Cephas-Gross did not participate in any of the shore excursions available at Fort Lauderdale because Plaintiff Young remained in severe pain and Plaintiff Cephas-Gross continued to suffer symptoms. Instead, Plaintiffs only went to a drug store to purchase additional supplies for use in their stateroom. In addition to more bottled water, Plaintiffs purchased protective face masks, rubbing alcohol, and additional over the counter cold medications.

41. On November 17, 2015, the MS Eurodam docked at Grand Turk. Again Plaintiff Young and Plaintiff Cephas-Gross were not able to participate in the shore excursions available on the island. Instead, Plaintiffs were limited to a short tour of the island.

42. On November 17, 2015, Plaintiff Young and Plaintiff Cephas-Gross complained to the Cruise Director and the Guest Relations Manager about the conditions they had endured in their stateroom. Plaintiffs specifically reported that two separate maintenance workers had confirmed the presence of black mold in their stateroom. Plaintiffs further reported that the continued expose to the black mold had caused both Plaintiffs to become ill. On information and belief, Plaintiffs alleged that both the Cruise Director and the Guest Relations Managers were employees and agents of Defendant HAL and Defendant Carnival.

43. On November 17, 2015, Defendant HAL and Defendant Carnival acknowledged the presence of black mold in the Plaintiffs' stateroom by giving Plaintiff Young and Plaintiff Cephas-Gross each a $75 ship credit for "black mold." Plaintiff Young was also given a complementary plate of chocolates for enduring the injury on the tender.

44. On November 17, 2015, Plaintiff Young and Plaintiff Cephas-Gross were moved from Stateroom V5126 to Stateroom SS6068, a Signature Suite. Stateroom SS6068 was similar to Stateroom V5126, with the additional feature of a full-size whirlpool bath and shower.

45. Plaintiff Young's sore throat, nasal/sinus congestion and cough had continued to worsen. On November 17, 2015 Plaintiff Young was examined by the ship's physician. Plaintiff Young was charged approximately $115.90 for the examination.

46. During the medical examination, Plaintiff Young reported to the medical staff that she had been injured November 11, 2015 when a crew member fell on her. In response, a Guest/Crew Accident Report was completed by Plaintiff Young and the examining physician. Plaintiff Young reported that after the injury she, "experienced pain in my shoulders, back, neck and arm including numbness and couldn't pick up something with left hand, which lasted several days." The physician reported a soft tissue injury, noting, right thoracic paraspinal muscle strain.

47. On November 18, 2015,while the MS Eurodam was docked in San Juan, Puerto Rico, USA, Plaintiff Young and Plaintiff Cephas-Gross spoke with an administrative staff employee of Defendant HAL and Defendant Carnival, regarding the conditions they endured on the MS Eurodam. While docked in San Juan, Plaintiff Young and Plaintiff Cephas-Gross also made a written complaint to Defendant HAL and Defendant Carnival, using Plaintiff Young's phone and internet connection. Plaintiffs specifically complained to Defendant HAL and Defendant Carnival regarding the presence of black mold in their stateroom. Plaintiffs also complained about the injury Plaintiff Young received from the Defendants' employee on November 11, 2015.

48. The MS Eurodam docked at Philipsburg, St. Maarten on November 19, 2015. Plaintiff Young and Plaintiff Cephas-Gross had intended to tour the Butterfly Farm and the island's tropical garden. However, Plaintiff Young and Plaintiff Cephas-Gross were unable to enjoy these shore excursions, and again limited their sightseeing to a short bus tour of the island.

49. On November 20, 2015, Plaintiff Cephas-Gross attempted to enjoy the whirlpool bathtub in Stateroom SS6068. Plaintiff Cephas-Gross filled the tub with water and entered the bath. While in the water, Plaintiff Cephas-Gross turned on the water jets and was shocked when large particles of black mold began to shoot out through the jets and into the bath water. Plaintiff Cephas-Gross was horrified and extremely upset upon realizing that the bath water she was sitting in was saturated with black mold. Plaintiff Cephas-Gross stumbled and tripped as she rushed to get out of the dirty water that filled the bathtub. Plaintiff Cephas-Gross was left traumatized and highly distressed.

50. Plaintiff Young and Plaintiff Cephas-Gross immediately reported the incident to the ship's crew. Two female staff members from Guest Relations came to the Plaintiffs' stateroom and observed the black mold in the bath tub. Two plumbers were also called to Plaintiff's stateroom. The plumbers drained the tub. When the tub was re-filled, black mold continued to shoot through the jets once the jets were activated.

51. Plaintiff Cephas-Gross was seen by the ship's physician on November 20, 2015. Plaintiff Cephas-Gross' blood pressure and heart rate were highly elevated. Plaintiff Cephas-Gross reported that when she got into the whirlpool tub in Stateroom SS6068 and turned on the jets, a lot of black mold began to come out of the jets.

52. Plaintiff Young and Plaintiff Cephas-Gross remained emotionally upset during the remainder of the cruise. Both Plaintiffs continued to suffer from sore throats, headaches, coughing and congestion. When Plaintiff Young awoke on November 20, 2015, her left eye was severely swollen and she was in excruciating pain from a migraine headache.

53. Upon the conclusion of the cruise on November 22, 2015, both Plaintiff Young and Plaintiff Cephas-Gross continued to experience physical ailments and emotional distress as a result of the conditions they endured on the MS Eurodam. Additionally, Plaintiffs' clothes retained the pungent odor from their Staterooms. Plaintiffs were required to dry clean some of their clothes, and other clothing was thrown out.

54. On November 23, 2015, Plaintiff Young and Plaintiff Cephas-Gross made a second written complaint to Defendant HAL and Defendant Carnival regarding the unhealthy condition of the two Staterooms the occupied on the MS Eurodam. Plaintiff's November 23, 2015 written complaint set forth specific information of the events occurring on November 20-22, 2015, in Stateroom SS6058. Additionally, on February 9, 2016, Plaintiff Young and Plaintiff Cephas-Gross provided formal written notice of their claims to Defendant HAL, Defendant Carnival, and Defendant Costco Travel.

55. Following the conclusion of the cruise on November 22, 2015, Plaintiff Young and Plaintiff Cephas-Gross both required additional medical treatment for the sore throat, headaches, congestion and coughing they continued to experience. Plaintiff Cephas-Gross also

required an additional gynecological medical examination due to the black mold exposure in the whirlpool bathtub in Stateroom SS6068.

56. Following the conclusion of the cruise on November 22, 2015, Plaintiff Young continued to experience pain, discomfort and loss of use of her right hand as a result of the injury she sustained on November 11, 2015 on the ship's tender. Plaintiff Young require medical treatment for the physical injuries she sustained on November 11, 2015, and has since been diagnosed with left cervical radiculopathy. Plaintiff Young continues to require use of cervical traction equipment and physical therapy for her injuries.

57. Additionally, since the conclusion of the cruise, both Plaintiffs have suffered and continued to suffer severe emotional distress. Following the conclusion of the cruise, Plaintiff Young and Plaintiff Cephas-Gross have both experienced severe anxiety regarding their experiences on the cruise, including crying spells and sleeplessness, which neither plaintiff experienced before the cruise. Plaintiff Cephas-Gross has also experienced bad dreams and obsessive thoughts about the cruise, as well as fear of contagion following her exposure to black mold in her stateroom on board the MS Eurodam. Both Plaintiff Young and Plaintiff Cephas-Gross both have sought treatment for the emotional distress they have suffered because of their experiences on the MS Eurodam.

## FIRST CLAIM FOR RELIEF
## MARITIME NEGLIGENCE
## AGAINST DEFENDANTS HAL AND CARNIVAL
## BY PLAINTIFF YOUNG

58. Plaintiff Young incorporates by reference all facts and allegations asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Defendant HAL and Defendant Carnival, as the owners and operators of the MS Eurodam, owed Plaintiff Young, a fare paying passenger on the MS Eurodam, a general, non-delegable duty to exercise reasonable care under the circumstances of each case.

60. Defendant HAL and Defendant Carnival, as the owners and operators of the MS Eurodam, are both marine common carriers who owed Plaintiff Young, a fare paying passenger on the MS Eurdoam, a higher duty of care for hazards not typically encountered on shore. This

higher duty of care arises and is implied in the marine contract of carriage between Defendant HAL and Defendant Carnival with Plaintiff Young.

61. Defendant HAL and Defendant Carnival each breached its duty of care to Plaintiff Young on November 11, 2015, when Defendants' servant, agent, or employee failed to exercise reasonable care in exiting the tender causing the employee to fall on top of Plaintiff Young from a height of 3 to 4 feet above, as more fully set forth in the preceding paragraphs of this Complaint, by, among other things: failing to give himself sufficient time to step down from the driver's seat of the tender while exiting the tender before it disembarked from the MS Eurodam; rushing while stepping down from the driver's seat of the tender in order to exist the tender before it disembarked from the MS Eurodam; and failing to properly use handrails and other safety features designed to prevent persons from falling while stepping down from the driver's seat and exiting the tender.

62. Defendant HAL's and Defendant Carnival's negligence caused injuries to Plaintiff Young.

63. As a direct and proximate result of Defendant HAL's and Defendant Carnival's negligence, Plaintiff Young suffered bodily injury, severe physical pain and discomfort, physical handicap, inability to use her right hand, aggravation of pre-existing medical conditions, as well as mental anguish, emotional distress, and loss of enjoyment of life, as more fully set forth in the preceding paragraphs of this Complaint. Plaintiff Young incurred medical costs and expenses in the treatment and care for her injuries. Plaintiff Young's injuries are permanent or continuing and Plaintiff Young will suffer further losses and impairment in the future. Plaintiff Young also lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

## SECOND CLAIM FOR RELIEF
## RES IPSA LOQUITUR NEGLIGENCE
## AGAINST DEFENDANTS HAL AND CARNIVAL
## BY PLAINTIFF YOUNG

64. Plaintiff Young incorporates by reference all facts and allegations asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

65. As more fully set forth in the preceding paragraphs of this Complaint, on November 11, 2015, Plaintiff Young boarded a tender tied to the MS Eurodam, and sat on a bench on the tender, and was injured with Defendant HAL's and Defendant Carnival's agent, servant, or employee fell on top of Plaintiff Young from a height of 3-4 feet above the bench where Plaintiff Young sat.

66. The conduct and omissions of Defendant HAL's and Defendant Carnival's agent, servant or employee are presumed to be negligent because:

a.) Injury caused by a person falling on top on one's person from a height of 3-4 feet above is not the type of injury that ordinarily occurs without negligence by another;

b.) The injury was caused by the person of Defendant HAL's and Defendant Carnival's agent, servant, or employee and thereby caused by an instrument under Defendant HAL's and Defendant Carnival's exclusive control; and

c.) Plaintiff Young's actions did not cause or contribute to the injuries she sustained when an agent, servant, or employee of Defendant HAL and Defendant Carnival fell on top of her from a height of 3-4 feet above the bench where Plaintiff Yung sat.

67. Defendant HAL's and Defendant Carnival's negligence caused injury to Plaintiff Young.

68. As a direct and proximate result of Defendant HAL's and Defendant Carnival's negligence, Plaintiff Young suffered bodily injury, severe physical pain and discomfort, physical handicap, inability to use her right hand, aggravation of pre-existing medical conditions, as well as mental anguish, emotional distress, and loss of enjoyment of life, as more fully set forth in the preceding paragraphs of this Complaint. Plaintiff Young incurred medical costs and expenses in the treatment and care for her injuries. Plaintiff Young's injuries are permanent or continuing and Plaintiff Young will suffer further losses and impairments in the future. Plaintiff Young also lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

## THIRD CLAIM FOR RELIEF
## MARITIME NEGLIGENCE CAUSING PHYSICAL ILLNESS
## AGAINST DEFENDANTS HAL AND CARNIVAL
## PLAINTIFF YOUNG AND PLAINTIFF CEPHAS-GROSS

69. Plaintiff Young incorporates by reference all facts and allegations asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

70. Defendant HAL and Defendant Carnival, as the owners and operators of the MS Eurodam, are both marine common carriers who owed Plaintiff Young and Plaintiff Cephas-Gross, both of who were fare paying passengers on the MS Eurodam, a general, non-delegable duty to exercise reasonable care under the circumstances of each case. The duty owed by Defendant HAL and Defendant Carnival, as marine common carriers, included a duty to provide safe and comfortable accommodations to Plaintiff Young and Plaintiff Cephas-Gross.

71. As more fully set forth in the preceding paragraphs of this Complaint, Defendant HAL and Defendant Carnival breached their duty of care to Plaintiff Young and Plaintiff Cephas-Gross by, among other things:

a.) failing to maintain the staterooms on the MS Eurodam in a safe and clean condition, including staterooms V5126 and SS6068, which Plaintiff Young and Plaintiff Cephas-Gross were assigned;

b.) failing to warn Plaintiff Young and Plaintiff Cephas-Gross of the unclean and unsafe condition of the staterooms to which Plaintiffs were assigned while on board the MS Eurodam, including but not limited to warning Plaintiff of the infestation of black mold that existed in the MS Eurodam's staterooms;

c.) failing to maintain adequate air conditioning and ventilation in stateroom V5126 and stateroom SS6068 while Plaintiff Young and Plaintiff Cephas-Gross were assigned to stateroom V5126 and stateroom SS6068;

d.) assigning Plaintiff Young and Plaintiff Cephas-Gross to stateroom V5126 which was uninhabitable due to the strong pungent odor that filled the stateroom;

e.) assigning Plaintiff Young and Plaintiff Cephas-Gross to stateroom V5126 which was uninhabitable due to infestation of black mold, including black mold in the stateroom's toilet and bathroom drain;

f.) by failing to provide clean good tasting water in stateroom V5126 while Plaintiff Young and Plaintiff Cephas-Gross were assigned to stateroom V5126;

g.) assigning Plaintiff Young and Plaintiff Cephas-Gross to stateroom SS6068 which was infested with black mold, including black mold in the stateroom's whirlpool bathtub; and

h.) failing to properly and adequately clean and remedy the black mold infestation in stateroom V5126 and stateroom SS6068 after Plaintiff Young and Plaintiff Cephas-Gross notified Defendant HAL and Defendant Carnival of the existence black mold in the toilet, bathroom drain, and whirlpool bathtub of their assigned staterooms.

72. Defendant HAL and Defendant Carnival both had actual notice and/or constructive notice of the unsafe and unclean condition of stateroom V5126 and stateroom SS6068, including prior knowledge that black mold had accumulated in the MS Eurodam's plumbing, including the plumbing in stateroom V5126 and stateroom SS6068.

73. Defendant HAL's and Defendant Carnival's negligence caused injuries to Plaintiff Young and to Plaintiff Cephas-Gross.

74. As a direct and proximate result of Defendant HAL's and Defendant Carnival's negligence, Plaintiff Young and Plaintiff Cephas-Gross suffered bodily illness, severe pain and discomfort, as well as mental anguish, and emotional distress as more fully set forth in the preceding paragraphs of this Complaint. Plaintiff Young and Plaintiff Cephas-Gross incurred medical costs and expenses in the treatment and care for the illness caused by Defendant HAL's and Defendant Carnival's negligence. Plaintiff Young and Plaintiff Cephas-Gross also lost the benefit of Plaintiffs' vacation, cruise, and transportation costs.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT
## AGAINST DEFENDANTS HAL AND CARNIVAL
## PLAINTIFF YOUNG AND PLAINTIFF CEPHAS-GROSS

75. Plaintiff Young and Plaintiff Cephas-Gross incorporate by reference all facts and allegations asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

76. Plaintiff Young and Plaintiff Cephas-Gross entered into a contract with Defendant HAL and Defendant Carnival for a 14-day luxury Caribbean cruise, as more fully set forth in the preceding paragraphs of this Complaint.

77. Pursuant to their contract with Plaintiff Young and Plaintiff Cephas-Gross, Defendant HAL and Defendant Carnival were obligated to provide Plaintiffs with accommodations that were luxurious and that were both clean and safe while Plaintiffs were passengers on Defendants' vessel, the MS Eurodam. Defendants were further contractually obligated to assign Plaintiff Young and Plaintiff Cephas-Gross to a stateroom with an unobstructed ocean view.

78. Plaintiff Young and Plaintiff Cephas-Gross performed everything that was required of them under their contract with Defendant HAL and Defendant Carnival.

79. As more fully set forth in the preceding paragraphs of this Complaint, Defendant HAL and Defendant Carnival breached their contract with Plaintiff Young and Plaintiff Cephas-Gross by failing to provide Plaintiffs with clean and safe accommodations or luxurious accommodations, during the Plaintiffs' 14-day cruise, by among other things:

a.) failing to provide Plaintiff Young and Plaintiff Cephas-Gross with adequate air conditioning and ventilation in Plaintiffs' assigned to staterooms;

b.) providing Plaintiff Young and Plaintiff Cephas-Gross with accommodations in stateroom V5126 which was uninhabitable due to the strong pungent odor that filled the stateroom;

c.) providing Plaintiff Young and Plaintiff Cephas-Gross with accommodations in stateroom V5126 which was uninhabitable due to infestation with black mold, including black mold in the stateroom's toilet and bathroom drain so that Plaintiffs could not use the shower without being exposed to black mold coming up from the bathroom drain;

d.) failing to provide Plaintiff Young and Plaintiff Cephas-Gross with clean, good tasting water in their assigned staterooms, so that Plaintiff were required to purchase bottled water for their personal consumption;

e.) providing Plaintiff Young and Plaintiff Cephas-Gross with accommodations in stateroom SS6068 which was uninhabitable due to infestation with black mold, including black

mold in the stateroom's whirlpool bathtub, causing Plaintiff Cephas-Gross to be exposed to black mold when black mold shot through the jets of the whirlpool bathtub filling the bathtub with particles of black mold as Plaintiff Cephas-Gross sat in the bathtub; and

f.) failing to properly and adequately clean and remedy the black mold infestation in stateroom V5126 and stateroom SS6068 after Plaintiff Young and Plaintiff Cephas-Gross notified Defendant HAL and Defendant Carnival of the infestations of black mold in the toilet, bathroom drain, and whirlpool bathtub of their assigned staterooms; all of which is more fully set forth in the preceding paragraphs of this Complaint.

80. Defendant HAL and Defendant Carnival further breached their contractual obligations to Plaintiff Young and Plaintiff Cephas-Gross by failing to assign Plaintiffs to a stateroom with an unobstructed view, as more fully set forth in the preceding paragraphs of this Complaint.

81. As a reasonable and proximate cause of Defendant HAL's and Defendant Carnival's breach of their contract with Plaintiff Young and Plaintiff Cephas-Gross, Plaintiffs have been harmed and have suffered damages and substantial losses, including physical illness, as well as substantial costs and expenses reasonably and foreseeably incurred by Plaintiffs, including the loss of the benefit of Plaintiffs' vacation, cruise, and transportation costs, all in an amount according to proof. Plaintiffs are entitled to receive compensatory damages from both Defendant HAL and Defendant Carnival and hereby request an award of compensatory damages from each Defendant in an amount according to proof.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT
## AGAINST DEFENDANTS HAL, CARNIVAL AND COSTCO TRAVEL
## BY PLAINTIFF CEPHAS-GROSS

82. Plaintiff Cephas-Gross incorporates by reference all facts and allegation asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

83. The Virginia Consumer Protection Act, (Vir. Civil Code §§ 59.1- 196, et. seq.,), provides a private cause of action for consumers who are damaged by specified fraudulent acts

and practices in connection with a consumer transaction, including but not limited to misrepresenting that good or services are of a particular standard, quality, grade, style or model, (as provided by Vir. Civil Code § 59.1-200(6)), and including but not limited to using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction, (as provided by Vir. Civil Code § 59.1-200(14)).

84. Plaintiff Cephas-Gross' purchase of a 14-day Caribbean cruise on Defendant HAL's and Defendant Carnival's vessel, the MS Eurodam, through the services of Defendant Costco Travel, is a consumer transaction as defined by Vir. Civil Code § 59.1-208, and is thereby protected by the mandates of the Virginia Consumer Protection Act.

85. Defendants HAL, Carnival, and Costco Travel each violated the mandates of the Virginia Consumer Protection Act by misrepresenting the particular standard, quality, grade, style or model of the cruise package sold to Plaintiff Cephas-Gross, and by making material misrepresentations in connection with Plaintiff Cephas-Gross' cruise purchase. As more fully set forth in the preceding paragraphs of this Complaint, Defendants HAL, Carnival, and Costco Travel each misrepresented that it was selling Plaintiff Cephas-Gross a 14-day cruise with safe, clean, luxurious accommodations, with an unobstructed ocean view. Defendant Costco Travel made additional misrepresentations to Plaintiff Cephas-Gross in connection with Plaintiff's purchase of a 14-day cruise, including but not limited to, representations that Defendant Costco Travel only books cruises on specific cruise lines selected by Costco Travel to ensure the high quality and safety of the cruises offered to its customers, and that Costco Travel will only contract with cruise lines that meet Costco's criteria for excellence, as more fully set forth in the preceding paragraphs of this Complaint. Defendant Costco Travel further represented to Plaintiff Cephas-Gross that it warranted the quality of the travel packages it sold to Costco member such as Plaintiff Cephas-Gross.

86. Plaintiff Cephas-Gross relied on the representations made by Defendants HAL, Carnival, and Costco Travel when Plaintiff Cephas-Gross' purchased a 14-day cruise from Defendants.

87. In fact, as more fully set forth in the preceding paragraphs of this Complaint, Defendant HAL, Defendant Carnival, and Defendant Costco Travel each failed to provide

Plaintiff Cephas-Gross with clean, safe, and luxurious accommodations on Plaintiff's 14-day cruise on the MS Eurodam. Defendants further failed to provide Plaintiff Cephas-Gross with an unobstructed ocean view, as represented. Additionally, Defendant Costco did not take any actions to ensure that it only offered high quality and safe cruises to its customers, as it had represented. Further, Defendant Costco Travel did not contract only with cruise lines that met Costco's criteria for excellence, and Defendant Costco Travel did not warrant the quality of the travel packages it sold to Plaintiff Cephas-Gross, as it represented.

88. As a direct and proximate cause of Defendants' violations of the Virginia Consumer Protection Act, Plaintiff Cephas-Gross has been harmed and has suffered damages and substantial losses, including physical illness and as well as substantial costs and expenses reasonably and foreseeably incurred by Plaintiff Cephas-Gross, including the loss of the benefit of Plaintiff's vacation, cruise, and transportation costs, and other damages, all in an amount according to proof. Plaintiff Cephas-Gross is entitled to receive compensatory damages from Defendant HAL, Defendant Carnival and Defendant Costco Travel, and hereby requests an award of compensatory damages from of each Defendant in an amount according to proof.

89. Defendant HAL, Defendant Carnival, and Defendant Costco Travel, each willfully violated the mandates of the Virginia Consumer Protection Act, as more fully set forth in the preceding paragraphs of this Complaint. Accordingly, pursuant to Vir. Civil Code § 59.1-204(A), Plaintiff Cephas-Gross is entitled to, and hereby demands, an award of three times the actual damages Plaintiff sustained, or an award of $1,000, which ever is greater, in an amount according to proof.

90. Defendant HAL, Defendant Carnival, and Defendant Costco Travel, each committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff Cephas-Gross, with an evil motive amounting to malice, and with a conscious disregard for Plaintiff's right to be free from unfair and deceptive business practices made unlawful by the Virginia Consumer Practices Act. Plaintiff Cephas-Gross is entitled to receive an award of punitive damages from each Defendant and hereby requests an award of punitive damages from each Defendant in an amount sufficient to punish each Defendant and to

deter each Defendant and others from engaging in such unlawful practices, in an amount according to proof.

91. Pursuant Vir. Civil Code § 59.1-204(B), Plaintiff Cephas-Gross is further entitled to, and hereby demands, an award of attorneys fees and costs from each Defendant, in an amount according to proof.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT AGAINST DEFENDANTS HAL, CARNIVAL, AND COSTCO TRAVEL BY PLAINTIFF YOUNG

92. Plaintiff Young incorporates by reference all facts and allegations asserted in paragraphs 1 through 57 of this Complaint as if fully set forth herein.

93. The California Consumer Legal Remedies Act, (Cal. Civil Code §§ 1750, et. seq.,), provides a private cause of action for California consumers who are harmed by specified unfair or deceptive acts or practices in connection with a transaction intended to result in or which does result in the sale or lease of goods or services, including but not limited to representing that good or services are of a particular standard, quality, or grade, or that goods are of a particular style or model when they are not, as set forth in Civil Code § 1770(a)(7).

94. Plaintiff Young's purchase of a 14-day Caribbean cruise on Defendant HAL's and Defendant Carnival's vessel, the MS Eurodam, through the services of Defendant Costco Travel, is a transaction as defined by Civil Code § 1761(e), and is thereby protected by the mandates of the California Consumer Legal Remedies Act ("CLRA").

95. Defendants HAL, Carnival, and Costco Travel each violated the mandates of CLRA by misrepresenting the particular standard, quality, grade, style or model of the cruise package sold to Plaintiff Young, and by making material misrepresentations in connection with Plaintiff Young's cruise purchase. As more fully set forth in the preceding paragraphs of this Complaint, Defendant HAL, Defendant Carnival, and Defendant Costco Travel each misrepresented that it was selling Plaintiff Young a 14-day cruise with safe, clean, luxurious accommodations, with an unobstructed ocean view. Defendant Costco Travel made additional

misrepresentations to Plaintiff Young in connection with Plaintiff's purchase of a 14-day cruise, including but not limited to, representations that Defendant Costco Travel only books cruises on specific cruise lines selected by Costco Travel to ensure the high quality and safety of the cruises offered to its customers, and that Costco Travel will only contract with cruise lines that meet Costco's criteria for excellence. Defendant Costco Travel further represented to Plaintiff Young that it warranted the quality of the travel packages it sold to Costco member such as Plaintiff Young.

96. Plaintiff Young relied on the representations made by Defendant HAL, Defendant Carnival, and Defendant Costco Travel when Plaintiff Young purchased a 14-day cruise from Defendants.

97. In fact, as more fully set forth in the preceding paragraphs of this Complaint, Defendant HAL, Defendant Carnival, and Defendant Costco Travel failed to provide Plaintiff Young with clean, safe, and luxurious accommodations on Plaintiff's 14-day cruise on the MS Eurodam. Defendants further failed to provide Plaintiff Young with an unobstructed ocean view, as represented. Additionally, Defendant Costco did not take any actions to ensure that it only offered high quality and safe cruises to its customers, as it had represented. Further, Defendant Costco Travel did not contract only with cruise lines that met Costco's criteria for excellence, and Defendant Costco Travel did not warrant the quality of the travel packages it sold to Plaintiff Young, as it represented.

98. Plaintiff Young provided written notice to each Defendant of the CLRA violations alleged in this Complaint, and provided each Defendant with an opportunity to cure the CLRA violations, pursuant to Civil Code § 1782(a). Defendants failed to provide any remedy or appropriate relief for their violations of CLRA within the 30-day time period.

99. As a direct and proximate cause of Defendants' violations of CLRA, Plaintiff Young has been harmed and has suffered damages and substantial losses, including physical illness and as well as substantial costs and expenses reasonably and foreseeably incurred by Plaintiff Young, including the loss of the benefit of Plaintiff's vacation, cruise, and transportation costs, and other damages, all in an amount according to proof. Plaintiff Young is entitled to

receive compensatory damages from Defendant HAL, Defendant Carnival and Defendant Costco Travel, and hereby requests an award of compensatory damages from of each Defendant in an amount according to proof.

100. Defendant HAL, Defendant Carnival, and Defendant Costco Travel, each committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff Young, with an evil motive amounting to malice, and with a conscious disregard for Plaintiff's right to be free from unfair and deceptive business practices made unlawful by CLRA. Plaintiff Young is entitled to receive an award of punitive damages from each Defendant and hereby requests an award of punitive damages from each Defendant in an amount sufficient to punish each Defendant and to deter each Defendant and others from engaging in such unlawful practices, in an amount according to proof.

101. At all relevant times, Plaintiff Young was a senior citizen, as defined by Cal. Civil Code § 1761(f). Accordingly, Plaintiff Young is entitled to receive, and hereby demands an award of $5,000 from each Defendant, as authorized by Cal. Civil Code § 1780(b).

102. Pursuant Cal. Civil Code § 1780(d), Plaintiff Young is further entitled to, and hereby demands, an award of attorneys fees and costs from each Defendant, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Young and Plaintiff Cephas-Gross, pray for judgment as follows:

1. For an award of compensatory damages against each Defendant sufficient to compensate each Plaintiff for the losses and damages each Plaintiff has suffered, in an amount according to proof;

2. For an award of future medical costs and expenses and other future losses against each Defendant, in an amount according to proof;

3. For an award of consequential damages and other damages necessary to make each Plaintiff whole pursuant to the terms of each Plaintiff's contract with Defendant HAL and Defendant Carnival;

4. For an award of treble damages against each Defendant to Plaintiff Cephas-Gross, as authorized by Vir. Civil Code § 59.1-204(A), in an amount according to proof;

5. For an award of $5,000 against each Defendant to Plaintiff Young, as authorized by Cal. Civil Code § 1780(b), in an amount according to proof;

6. For an award of punitive damages against each Defendant in an amount according to proof;

7. For an award of attorneys fees and costs against each Defendant, as authorized by Vir. Civil Code § 59.1-204(B) and Cal. Civil Code § 1780(d);

8. For an award of pre-judgment and post-judgment interest against each Defendant in an amount authorized by law; and

9. For such other relief as the Court may find just and proper.

**JURY DEMAND**

Plaintiff Young and Plaintiff Cephas-Gross hereby demand trial by jury.

DATED: 8/22/2016

By: ______________________
Angela Alioto
Law Offices of Mayor Joseph L. Alioto and Angela Alioto
700 Montgomery Street
San Francisco, CA 94111

Attorneys for Plaintiffs
Gloria Young and Margaret Cephas-Gross