UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA YOUNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE, N.V., et al.,<br><br>    Defendants. | Case No. 16-cv-04820-JST<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: ECF No. 12 |

Before the Court is Defendant Holland America Line, N.V.'s ("Holland") Motion to Transfer Venue. ECF No. 12. For the reasons set forth below, the Court will deny the motion.

## I.  BACKGROUND

In September 2015, Plaintiffs Gloria Young and Margaret Cephas-Gross ("Plaintiffs") booked a 14-day Caribbean cruise. ECF No. 1 ¶ 14. Plaintiffs chose a cruise operated by Holland, but purchased their tickets through Defendant Costco Travel. Id. Plaintiffs allege that they suffered physical injuries during their cruise. On August 22, 2016, Plaintiffs filed suit against Holland, Carnival Corporation, and Costco Travel ("Defendants"), claiming that Defendants' negligence caused their injuries. Id. ¶ 1. On October 17, 2016, Holland filed a motion to transfer venue to the Western District of Washington "pursuant to the terms of the forum-selection clause in the Passage Contract that governs the relationship between the moving party and Plaintiffs." ECF No. 12 at 6. Plaintiffs oppose the motion.[1]

---

[1] Although Plaintiffs filed their opposition brief six minutes past the filing deadline, ECF No. 35-1 at 6, the Court will exercise its discretion to consider it. Therefore, the Court grants Plaintiffs' administrative motion in part, ECF No. 35, and accepts Plaintiffs' corrected opposition and supporting declarations. ECF Nos. 30-32. The Court denies the administrative motion to the extent it asks the Court to consider the untimely Supplemental Declaration of John Scarpino. ECF No. 36.

## II. LEGAL STANDARD

Section 1404(a) is the proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013). "[W]hen the parties' contract contains a valid forum-selection clause," that clause "represents the parties' agreement as to the most proper forum." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988). Therefore, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. Specifically, the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways: (1) "the plaintiff's choice of forum merits no weight," (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests", and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." Id. at 581-82.

Before a forum-selection clause gains the benefit of this deferential 1404(a) analysis, however, it must be valid. Because it is the moving party here, Holland bears the burden of demonstrating the forum-selection clause's validity. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Only once the clause is determined to be valid do Plaintiffs face the "heavy burden of proof" to demonstrate unfairness that would justify setting aside the forum-selection clause. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

The Ninth Circuit "employ[s] a two-pronged 'reasonable communicativeness' test . . . to determine under federal common law and maritime law when the passenger of a common carrier is contractually bound by the fine print of a passenger ticket." Wallis v. Princess Cruises, Inc., 306 F.3d 827, 835 (9th Cir. 2002). The first prong "focuses on the physical characteristics of the ticket." Id. The second prong looks at "the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract." Id. So long as the term at issue was reasonably communicated, a passenger "need not have actually read a ticket to be bound by the terms." Walker v. Carnival Cruise Lines, 63 F. Supp. 2d 1083, 1089 (N.D. Cal. 1999), affirmed in relevant

1   part on reconsideration, 107 F. Supp. 2d 1135 (N.D. Cal. 2000).

2   **III.    ANALYSIS**

3   Here, the focus of the parties' dispute is whether the forum-selection clause in Holland's Passage Contract was reasonably communicated to Plaintiffs.[2]  In its moving papers, Holland focuses the Court's attention on its "Internet-based booking conformation and check-in system." ECF No. 12 at 6.  Holland claims that both Plaintiffs booked their cruise reservations through this online system.  Id.  In order to book online, Holland states that Plaintiffs "were required to first view and then acknowledge the terms and conditions of the Passage Contract," which include the forum-selection clause.  Id.  Indeed, Holland claims "Plaintiffs would have been unable to print their boarding passes without first accepting the terms and conditions." Id. at 7.  Holland then explains how, within the Passage Contract, the forum-selection clause is "notably distinguished" by its physical characteristics.  Id. at 12-13.

The problem with Holland's argument is that Plaintiffs did not use the online booking system.  In their opposition papers, Plaintiffs explain that they purchased their cruise tickets through Costco Travel in September 2015.  ECF No. 29 at 5.  On September 11, 2015, a Costco Travel agent sent Plaintiffs written confirmation of their booking along with their itinerary.  ECF No. 30 at 7-16.[3]  None of these documents mentioned the forum-selection clause.  On October 12, 2015, Costco Travel sent Plaintiffs another email regarding their upcoming trip, which, again, did not include the forum-selection clause.  Id. at 17-27.  The October email directed Plaintiffs to check in for their cruise on Holland's website in order to obtain their boarding passes and luggage tags.  ECF No. 30 at 17.  Matt Nodine, the Costco travel agent who completed Plaintiffs' bookings, recalls reminding Plaintiffs of the need to check in online during their September phone call as well.  ECF No. 34 at 2.

After receiving the October 12 email, Plaintiffs attempted to check in with Holland's

---

[2] There is no dispute that the forum-selection clause names the Western District of Washington.

[3] Both Plaintiffs submitted declarations with supporting documents.  ECF No. 30 (Young Declaration; ECF No. 31 (Cephas-Gross Declaration).  Because these documents are largely identical, the Court refers only to Plaintiff Young's Declaration and documents.

3

1  online system but were unable to do so.  ECF No. 29 at 6.  Together, Plaintiffs called Holland's
2  customer service line for help and spoke with Holland employee Sean Johnson.[4]  Id.  Plaintiffs
3  claim that they described their problem with Holland online system to Johnson, who then
4  promised to send them their boarding passes and luggage tags.  Id.  Plaintiffs received emails with
5  those documents just as the call ended.  ECF No. 30 at 33.  Page 8 of the 11-page boarding pass
6  contains the warning, "IMPORTANT NOTICE REGARDING THE CRUISE CONTRACT," and
7  related disclosures regarding the forum-selection clause that Holland discusses at length in its
8  transfer motion.  Id. at 42.  According to Plaintiffs, Johnson did not direct them to "review the
9  cruise contract or accept the terms and conditions" of the contract while on the call.  Id.

10  Plaintiffs' next contact with Holland occurred on November 3, 2016, when they called the
11  help line again to obtain their stateroom assignments.  ECF No. 29 at 7.  As before, the Holland
12  representative did not notify Plaintiffs that they needed to accept the terms of the Passage
13  Contract.  Id.  Plaintiffs boarded the cruise on November 8, 2015.  Id.

14  The upshot is that Plaintiffs were not notified of the forum-selection clause in their Passage
15  Contract until after they booked their cruise tickets and, even then, the clause was buried near the
16  back of an 11-page document.   For three reasons, the Court finds that this chain of events did not
17  result in an effective forum-selection clause.

18  As an initial matter, the Court is skeptical that a term disclosed only *after* a purchase is
19  made and at a time when cancellation would cost up to 75% of the ticket price, ECF No. 29 at 11,
20  can satisfy the reasonable communicativeness test.  See Carnival Cruise Lines, Inc. v. Shute, 499
21  U.S. 585, 595 (1991) (finding it important that the cruise ship passengers "retained the option of
22  rejecting the contract with impunity").   Holland responds that another court in this district rejected
23  a similar cancellation fee theory.  ECF No. 34 at 7 (citing Walker, 63 F. Supp. 2d at 1090.
24  Holland is correct that the Walker court described a $100 cancellation fee as a "relatively minor
25  charge [that] is not an unreasonable infringement on either plaintiff's option to reject the ticket
26  contract."  Id.  But Holland leaves out the fact that the court contrasted the $100 fee before it with

---

[4] Johnson did not submit a declaration because he is no longer employed with Holland.  ECF No. 34 at 6.

4

1  another case in which cancellation resulted in the passenger forfeiting the entire fare, a penalty that
2  the Walker court agreed would provide no reasonable opportunity to reject the provision.  Id.  The
3  75% cancellation fee that Plaintiffs faced is much closer to a forfeiture of the entire fare than it is
4  to a $100 fee.  This is an extrinsic factor that weighs against a finding that the clause is valid.

5        Second, the rest of Holland's analysis of extrinsic factors relies on the proper functioning
6  of its online system.  ECF No. 12 at 13 ("[T]he structure of [Holland's] online check-in process is
7  designed to ensure that all passengers are 'meaningfully informed of the contractual terms at
8  stake' *before* entering into the agreement.").  That analysis is unhelpful because, as described
9  above, Plaintiffs never completed the online check-in process.

10        Third, even assuming that Holland's after-the-fact notice could suffice, the physical
11  characteristics of the Passage Contract emailed on October 16 did not reasonably communicate the
12  forum-selection clause to Plaintiffs.  In so finding, the Court assesses "[f]eatures such as size of
13  type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a
14  passenger can read the provisions in question."  Wallis v. Princess Cruises, Inc., 306 F.3d 827, 835
15  (9th Cir. 2002).  Here, it is true that the contract says in all capitals:  "YOUR ATTENTION IS
16  ESPECIALLY DIRECTED TO CLAUSES A.1. A.3, A.4, A.5, A.6, A.7, A.9 and C.4 OF THE
17  CRUISE CONTRACT, WHICH CONTAIN IMPORTANT LIMITATIONS ON YOUR RIGHT
18  TO ASSERT CLAIMS AGAINST US AND AGAINST CERTAIN THIRD PARTIES."  ECF No.
19  30 at 42.  This disclosure, however, came on the eighth page of the document containing
20  Plaintiffs' tickets, and the face of the ticket itself did not highlight the existence of these limits on
21  Plaintiffs' rights.  Id. at 35.  In sum, the existence of the forum-selection clause was not
22  conspicuous.

23        Holland points out that Plaintiffs' Complaint alleges that they "were required to 'Accept'
24  the terms and conditions" in the contract in order to confirm their booking and that they "entered
25  into a contract" with Defendants for a cruise.  ECF No. 34 at 5.  Holland argues these allegations
26  are inconsistent with Plaintiffs' current claim that they were unaware of the forum-selection
27  clause.  The Court disagrees.  Plaintiffs could have generally agreed to accept terms or to form a
28  contract and still not have been given reasonable notice of the forum-selection clause.  Plaintiffs

1   are not, as Holland claims, "asserting a breach of contract claim for a contract that they now argue
2   they were never aware of." Id.  Rather, they are arguing that Holland never reasonably
3   communicated the contract's *forum-selection clause*.  That term, not the existence of a contract
4   generally, is the relevant question here.

5         Finally, Holland argues that even if the forum-selection clause was not reasonably
6   communicated to Plaintiffs, it was communicated to the Costco travel agent who booked their
7   tickets.  ECF No. 34 at 7.  Through this agent, Holland argues that Plaintiffs had "constructive
8   possession" of the ticket terms and therefore constructive notice.  Id.  As support, Holland cites
9   one unpublished out-of-circuit district court case.  See Hicks v. Carnival Cruise Lines, Inc., 1995
10  A.M.C. 281 (E.D. Pa. 1994).

11        That case does not help Holland.  The Hicks court did not find that a travel agency was
12  plaintiff Hicks' agent for purposes of notice.  Rather, it found that the organizer of Hicks' group
13  trip, who was himself a member of that group and who had received the tickets of all the group
14  members, was Hicks' agent.  The court specifically declined to decide whether the ticket agency
15  that had sold the tickets was also Hicks' agent.  Id. at 288 n.17 ("While Defendant argues
16  strenuously that the agency is also Hicks' agent, I need not decide that issue to dispose of this
17  motion.").  Thus, the Hicks court never reached the issue for which Holland cites it.[5]  Moreover,
18  nowhere in his declaration does Nodine, the Costco Travel agent, even mention his knowledge of
19  the forum-selection clause.  The Court will not find reasonable communication on this basis.

20        In sum, Holland's forum-selection clause does not meet the reasonable communicativeness
21  test, meaning the Court need not adjust its § 1404(a) analysis.  Because the forum-selection clause
22  was the only basis for Holland's Motion to Transfer Venue, see ECF No. 12 at 9 (noting that "the
23  propriety of the original venue is not disputed"), the motion must therefore be denied.
24  / / /
25  / / /

---

[5] Another distinction is that, unlike in the present case, plaintiff Hicks could have cancelled her trip without forfeiture once she became aware of the forum selection clause. Id. at 283.

**CONCLUSION**

Holland's Motion to Transfer Venue is denied.

IT IS SO ORDERED.

Dated:  December 28, 2016

_____
JON S. TIGAR
United States District Judge