UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA YOUNG, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE, N.V., et al.,<br><br>     Defendants. | Case No. 16-cv-04820-JST<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: ECF No. 27 |

Before the Court is Carnival Cruise Lines' ("Carnival") motion to set aside the Default entered by the Clerk on October 21, 2016, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The motion is unopposed, and Court will grant it.[1]

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury action arising from Plaintiffs Gloria Young's and Margaret Cephas-Gross's 14-day Caribbean cruise aboard the MS EURODAM from November 8 to 22, 2015. The vessel was owned and operated by Defendant Holland America Line, N.V., a foreign corporation and subsidiary of Carnival Cruise Lines, and Plaintiffs purchased their tickets on September 11, 2015, through Defendant CWC Travel, Inc., dba Costco Travel ("Costco"), a Washington corporation. See ECF No. 1. Plaintiffs filed their Complaint on August 22, 2016, alleging claims for Negligence, Breach of Contract, violations of the Virginia Consumer Protection Act, and violations of the California Consumer Legal Remedies Act. ECF No. 1.

On September 20, 2016, CT Corporation received service of the Summons and Complaint on behalf of Carnival. ECF No. 10. Carnival states that on the same date, CT Corporation forwarded the served material to Carnival in a document entitled "Service of Process Transmittal"

---

[1] It is unclear to the Court why the parties were unable to reach a stipulation to set aside the default such that a motion was required.

1  (the "Transmittal"). ECF No. 27 at 3. Carnival's Assistant General Counsel, Martha de Zayas,

2  received an e-mail notification confirming service of the Transmittal. Id.

3      Carnival was required to file a responsive pleading by October 10, 2016, pursuant to

4  Federal Rule of Civil Procedure 12(a). When Carnival failed to respond, Default was entered

5  against Carnival on Friday, October 21, 2016. ECF No. 20. On October 28, 2016, Carnival filed a

6  motion to set aside the default judgment, which motion the Court now considers. ECF No. 27.

## II. LEGAL STANDARD

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context," as where no judgment has been entered, "there is no interest in the finality of the judgment with which to contend." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

In assessing whether to set aside a default for good cause, a court looks to whether "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991). As "[t]his tripartite test is disjunctive," a showing of any one of the three prongs is enough to justify a refusal to set aside the default. Id. Nonetheless, the Ninth Circuit has consistently emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "[W]here there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (emphasis in original).

## III. DISCUSSION

### A. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case," as "being forced to litigate on the merits" is not considered

prejudice. TCI, 244 F.3d at 701. Examples of prejudice that courts have concluded weigh against the setting aside of a default include "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (quoting Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996)). Plaintiff has identified no such prejudice that would result from the Court's setting aside default. See ECF No. 33 (stating Plaintiff does not oppose Carnival's motion). This factor weighs in favor of vacating default.

### B. Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI, 244 F.3d at 700. Still, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Id. While Carnival does not raise any specific defenses in its motion to set aside default, Plaintiff does not oppose the motion and the Court will assume "'some possibility exists that the outcome of the suit after a full trial would differ from the result reached by the default.'" Mission Trading Co. v. Lewis, No. 16-cv-01110-JST, 2016 WL 4268667, at *2 (N.D. Cal. 2016) (quoting Hutchings v. Snell & Co., LLC, No. 09-cv-4680-JCS, 2010 WL 1980165, at *4 (N.D. Cal. Apr. 23, 2010) report and recommendation adopted sub nom. Hutchins v. Snell & Co., LLC, No. 09-cv-4680-JSW, 2010 WL 1980162 (N.D. Cal. May 17, 2010)).

### C.   Defendant's Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI, 244 F.3d at 697. However, the Ninth Circuit has stated that, in the default context, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Mesle, 615 F.3d at 1092 (quoting TCI, 244 F.3d at 697).

Carnival argues there is good cause to set aside the default entered against it because its failure to respond to the complaint was a result of "honest miscommunications and uncertainties regarding Carnival's legal representation." ECF No. 27 at 4. Ms. de Zayas, the person who

3

1  initially received the confirmation of service of the Transmittal, forwarded the summons and
2  complaint to Aleks Drumalds, Assistant General Counsel for the Holland America Group, for
3  further handling.  Id. at 3.  She did so because the complaint alleged an incident involving a cruise
4  aboard a HAL ship involving HAL passengers.  Id.  The responsive pleading deadline had already
5  come and gone by October 20, 2016, when Ms. de Zayas learned that attorney Lisa M. Conner
6  was defending the interests of the other named Defendants in this matter, but not Carnival.  Id. at
7  4.  Ms. de Zayas was under the mistaken belief that counsel for the other defendants would also be
8  defending the interests of Carnival.  Id.  On October 21, 2016, Ms. de Zayas retained Ms. Conner
9  to defend Carnival as well, and on October 28, 2016, Carnival filed this motion.  Id.

10  Defendant was properly served by Plaintiff, ECF No. 10, but Plaintiff does not oppose
11  Carnival's motion and does not argue Defendant "intentionally failed to answer" the Complaint in
12  such a way that his conduct should be deemed "culpable," ECF No. 33.  Accordingly, this factor
13  also weighs in favor of vacating default.

14  Because all three factors support vacating default, the Court grants Defendant's motion.

## CONCLUSION

16  Defendant's Motion to Set Aside Default is granted.  Carnival shall have 14 days from the
17  date of this order to respond to Plaintiff's Complaint.

18  IT IS SO ORDERED.

19  Dated:  December 28, 2016

_____
JON S. TIGAR
United States District Judge